STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. AP-00-30


M. MARTHA ST. PIERRE,

        Petitioner

v.                                                DECISION AND ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

        Respondent


This matter is before the court on petitioner's Rule 80C appeal from a decision of

the Maine Unemployment Insurance Commission (MUIC) to deny benefits based upon

a finding of termination for misconduct.

St. Pierre was employed at the Training and Development Corporation ("TDC")

for two years as an orientation Residential Advisor ("RA"). TDC is a residential training

facility that provides academic and vocational programs for young people 16-24 years

old. TDC trains its staff concerning non-health standing orders. These orders are

referred to by staff when they are presented with urgent and non-urgent situations and

direct them to the proper course of action they should take. TDC also requires staff to

create a log on every shift in which the RA records all significant incidents. Employees

can be discharged for, among other things, a failure to follow the employer's policies.

On December 11, 1999, St. Pierre was confronted by a pregnant student asking to

be excused from a field trip planned that day. The student elaborated that she did not

feel well and that she might be miscarrying as she had done before. St. Pierre also

heard part of a phone conversation the student had in which she concluded "Fine, that's

all I needed to know from you. I'll take care of this myself." St. Pierre testified that she

did not necessarily think that the student was referring to abortion but could not exclude the possibility given the circumstances. St. Pierre allowed the student to be excused from the field trip. St. Pierre did not inform the Central Duty Officer ("CDO") or health services of the possibility that the student may be miscarrying. Neither did she keep a log on her shift because she didn't have time. St. Pierre did not attempt to find the book which contained non-health standing orders located at the RA's station. The student was sent to the hospital the next morning for possible miscarriage and was ultimately diagnosed with an ectopic pregnancy.

After learning about the petitioner's failure to report a suspected miscarriage, TDC put St. Pierre on administrative leave. At the conclusion of an investigation, TDC discharged St. Pierre for misconduct. St. Pierre then applied for unemployment benefits. The deputy found that the claimant was not discharged for misconduct and granted her unemployment insurance benefits. On appeal the hearing officer disagreed and found that St. Pierre had been discharged for misconduct. St. Pierre appealed to the Commissioner who affirmed the hearing officer's conclusion. St. Pierre filed a request for reconsideration which the Commission denied. This appeal followed.

When a decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.,* 593 A.2d 1050, 1053 (Me. 1991). The focus on

2

appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *CWCO, Inc v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261. *See also Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985) (stating that the "reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did").

St. Pierre makes two main arguments on appeal. First, she states that she followed the standing rules regarding urgent situations. That provision states that when "unauthorized non-health staff (residential living advisors, counselors, etc.) are confronted with what they think may be an urgent health problem, they should notify a health staff member immediately. If health staff is unavailable, contact an emergency rescue team." St. Pierre focuses on that part of the provision which states "what they think may be an urgent health problem...." She of course argues that she did not think the student's situation qualified.[1] The MUIC argues more persuasively that the list of examples that typify an urgent situation which include threatened abortion removes what little discretion St. Pierre might otherwise have had. This list is found in the rules. (TAG 6-Q <u>Standing Orders for Health Care</u>, § 2.2; Record, p. 226).

The record provides the court with evidence before the Commission that the student told St. Pierre that she might be miscarrying as she had done before. Also, St. Pierre stated that she could not overrule the possibility that during a phoneconversation the student may have been speaking of an abortion when she

---

[1] St. Pierre admitted that she did not even look for the standing rules manual which she knew to be provided at each RA's office.

stated that she would take care of "it." There was some confusion at the hearing over what St. Pierre understood abortion to mean. The dictionary definition of abortion includes a spontaneous (miscarriage) as well as induced premature expulsion of a fetus from the womb. The Commission also gave some weight to the testimony that St. Pierre was provided with training in this area generally (urgent situations). The Commission was justified in their conclusion that St. Pierre should have reported the student's situation immediately to an authorized employee or to a rescue team as she was instructed to do under the employer's policies. Her failure to do so does rise to misconduct.

St. Pierre argues that in any case, her conduct is an exception under the statute. 26 M.R.S.A. § 1043(23)(B)(1). That provisions states: "'Misconduct' may not be found solely on an isolated error in judgment or a failure to perform satisfactorily when the employee has made a good faith effort to perform the duties assigned." Whether this was an isolated error in judgment, where St. Pierre focuses her argument, or one of a series of errors, as argued by the agency, St. Pierre has failed to demonstrate that she made a good faith effort to perform the duties assigned (i.e., to immediately call a health care professional). In any event, such a determination is the subject to the agency's conclusions as a matter of fact and are not unreasonable, unjust or unlawful on the record. The MUIC was free to so find and it declined to do so. The court is satisfied that the Commission based its conclusion on substantial and competent evidence on the record.

4

The entry:

Petitioner's 80C appeal is DENIED..

Dated: August 21, 2001

Donald H. Marden
Justice, Superior Court

Date Filed __5/15/00__ __Kennebec__ Docket No. ___AP00-30___
County

Action __Petition for Review__
80C

# J. MARDEN

M. Martha St. Pierre                vs. Maine Unemployment Insurance Commission

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Patrick Ende, Esq. P.O. Box 5347 Augusta, Maine 04332 Rebekah Smith Esq | Elizabeth J. Wyman, AAG State House Station #6 Augusta, Maine 04333-0006 Matthew MacDonald-Legal Intern Pamela Waite, AAG. |

| Date of Entry | |
|---|---|
| 5/16/00 | Petition for Review M.R.Civ.P. 80C with attachment A, filed. s/Ende, Esq. |
| 5/18/00 | Acceptance of service filed. s/Waite AAG |
| 6/16/00 | Administrative record filed. s/Waite AAG |
| 6/20/00 | Notice of briefing schedule sent to attys of record. |
| 7/27/00 | Petitioner's Brief, filed. s/Ende, Esq. Letter informing the court of a misprint or missing page. Atty. Ende is out of the state and will correct the error when he returns, filed. s/Henderson, Esq. |
| 8/9/00 | Corrected Page 7 filed, Ende, Esq. |
| 8/21/00 | Motion for Extension of Time in Which to Serve Respondent's Brief, filed. s/Waite, Esq. |
| 8/22/00 | ORDER ON MOTION FOR EXTENSION OF TIME, Marden, J. Time to file brief enlarged to September 18, 2000. Copies mailed to attys of record. |
| 9/19/00 | Letter entering appearance of Matthew E. MacDonald, Esq. as co-counsel for State. Brief of Respondent Maine Unemployment Insurance Commission, filed. s/MacDonald & Waite, AAG. |
| 10/4/00 | Motion for Extension of Time, filed. s/Smith, Esq. |
| 10/11/00 | MOTION FOR EXTENSION OF TIME, Marden, J. Motion granted. Copies mailed to attys of record. |
| 10/16/00 | Motion for Extension of Time, filed. s/Ende, Esq. (filed 10/13/00) |

| Date of Entry | Docket No. |
|---|---|
| 10/20/00 | Motion for Continuance of Oral Argument, filed. s/Waite, Esq. Proposed Order, filed. |
| 10/30/00 | Petitioner's Reply Brief, filed. s/Ende, Esq. |
| 11/3/00 | ORDER ON MOTION TO CONTINUE, Marden, J. Copies mailed to attys of record. |
| 11/3/00 | MOTION FOR EXTENSION OF TIME, Marden, J. Motion granted. Copies mailed to attys of record. |
| 8/14/01 | Oral arguments had on 8/9/01 with Justice Donald, Presiding; Patrick Ende, Esq. for Petitioner and Pamela Waite, AAG for Respondent. After arguments, matter taken under advisement. Tape 572 Index 5418-6345 |
| 8/21/01 | DECISION AND ORDER, Marden, J. Petitioner's 80C appeal is DENIED. Copies mailed to attys. of record. Copies mailed to Deborah Firestone, Garbrecht Law Library and Donald Goss. Notice of removal of record mailed to AAG |